# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE RETURN OF SEIZED $11,915 IN U.S. CURRENCY, | CASE NO. 12cv398 JM(DJB) |
|---|---|
| | ORDER RE: MOTION FOR RETURN OF PROPERTY |
| LORALEE SCHMALSTIG, | |
| Movant. | |

Claimant and Movant Loralee Schmalstig ("Movant") moves for the return of forfeited currency pursuant to 18 U.S.C. §983(a)(3)(A). The Government opposes the motion. Following an evidentiary hearing, for the reasons set forth below, the court grants the motion in part, finding that Movant's claim was timely filed. However, at this time, the court does not order that the property be returned to Movant. Rather, the court restarts the 90 day filing period of 18 U.S.C. §983(a)(3)(A) during which the Government may file an action to forfeit the currency.

## BACKGROUND

The Criminal Proceeding[1]

On March 11, 2011, members of the East County Regional Gang Task Force served a search warrant on the home of James and Loralee Schmalstig located on Easy Street in San Diego, California. The Task Force's narcotics-trained canine alerted in the shed in the backyard of the residence. In the

---

[1] The facts are taken from the declaration of Detective Ellen Vest, attached to the opposition as Exhibit A.

shed, agents discovered two bags of marijuana, a bag of methamphetamine, a digital scale, hundreds of new ziplock bags, about $1,200 in U.S. currency, jewelry, and drug paraphernalia. The agents also discovered a safe. James Schmalstig provided the combination to the safe and inside agents discovered $10,700 in U.S. currency, jewelry, collectible coins, and a social security card for James Schmalstig. The canine alerted on the currency. Underneath the floorboards of the shed, agents discovered additional jewelry, silverware, coins, baseball card collections, and a handgun and ammunition.

Based upon Detective Vest's experience and training, the presence of the controlled substances, the scale and ziplock bags, and jewelry, she believed that James Schmalstig was not only accepting cash but jewelry and other items of value in exchange for payment of the controlled substances. (Oppo. Exh. A). James Schmalstig was subsequently charged and convicted of possession of hydromorphone hydrochloride for sale and possession of methamphetamine for sale.

The Forfeiture Proceedings

On May 16, 2011 the DEA provided notice to James Schmalstig via certified mail, return receipt requested, of the forfeiture of the $11,915 seized during the execution of the search warrant. On May 18, 2011, the DEA provided notice to Movant via certified mail, return receipt requested, of the forfeiture of the $11,915 seized during execution of the warrant. The notice provided to Movant indicated that the deadline to file a claim was June 20, 2011. As acknowledged by Movant, both certified letters were received at her home and the receipts were signed by James Schmalstig. (Reply at p.3:3-5).

The Government also published three notices of forfeiture in the Wall Street Journal, a newspaper of general circulation. Based upon the last publication, the last date to file a claim in the action was July 15, 2011.

On June 24, 2011 the DEA received a claim from Movant, presented by her counsel Richard M. Barnett, Esq. On July 12, 2011, the DEA rejected the claim because it was filed after the June 20, 2011 deadline identified in the personal notice letter mailed to her home. On September 28, 2011, the DEA administratively forfeited the $11,915 in U.S. currency to the United States pursuant to 19 U.S.C. §1609.

**DISCUSSION**

The primary issue raised by Movant is whether she is entitled to equitable tolling of the 30 day period identified in 18 U.S.C. §938(a)(2)(B). The court concludes that Movant diligently pursued her rights and that she was prevented from timely filing a claim by extraordinary circumstances outside her control. The court tolls the statutory period by four days and finds that Movant's claim for return of property was timely filed.

The Civil Asset Forfeiture Reform Act ("CAFRA") sets forth the procedures applicable in civil forfeiture procedures. <u>Deep Sea Fisheries, Inc. v. 144,744 Pounds of Blue King Crab</u>, 410 F.3d 1131, 1134 (9th Cir. 2005). Property worth $500,000 or less is subject to administrative forfeiture without judicial involvement. 19 U.S.C. §§1607 and 1609. A person asserting a claim to seized property may not file a claim later than the deadline set forth in a "personal notice letter," except that if the letter is not received, a claim may be filed not later than 30 days after the date of the final publication of the notice of seizure. 18 U.S.C. §938(a)(2)(B). If a claim is not timely received, the government may declare the property forfeited. 19 U.S.C. §1609. If a claim is timely received, the administrative proceedings are terminated and the Government must file an action in federal court within 90 days or return the seized property. 18 U.S.C. §983(a)(3)(A). As the Government has not moved for forfeiture of the property within 90 days or receipt of her claim, Movant argues that it must return the seized property.

Notice must be provided "in a manner to achieve proper notice as soon as practicable." 18 U.S.C. §983(a)(1)(A)(I). The statute is silent on whether the term "proper notice" means actual or constructive receipt of notice. However, the statutory language, as argued by Movant, also suggests that actual receipt, and not constructive notice may be required. The statutory scheme provides that any claim must be filed, in the case of a "personal notice letter (which deadline may be not earlier than 35 days after the date the letter is mailed), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure." 18 U.S.C. §983(a)(2)(B).

Here, the court need not determine whether actual or constructive notice is required under the statutory scheme because, following an evidentiary hearing on July 9, 2012, the court concludes that

Movant is entitled to equitable tolling of the statute of limitations four days. Equitable tolling of the statutory period is appropriate where the claimant (1) diligently pursues her rights, and (2) some extraordinary circumstance stood in her way and prevented timely filing. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). There is no dispute that Movant's spouse, James Schmalstig, received the DEA's personal notice letter of forfeiture on May 18, 2011. While James Schmalstig signed a receipt for the personal notice letter, he never informed Movant of its existence. (Loralee Schmalstig Decl. ¶3). The conduct of Movant's spouse constitutes an extraordinary circumstance outside her control. On June 17, 2011, Movant discovered the personal notice letter on a workbench inside a folder. (Id. ¶4). She immediately called her spouse's criminal defense attorney, James Fitzpatrick, and reached his voicemail. She left a message and later that afternoon an associate of Mr. Fitzpatrick's returned the telephone call. After explaining the circumstances surrounding the receipt of the personal notice letter and her confusion regarding the claim requirements, the associate, Mr. Rodriguez, informed Movant that the firm did not provide representation in forfeiture actions. The associate informed Movant that he would call back with a recommendation for an attorney with specialized knowledge of the civil forfeiture laws.

Later that evening, Movant searched the internet for a "form" for filing a claim. She could not find a "form" for filing a claim. Late in the afternoon on Tuesday, June 21, 2011, the associate provided Movant with the name of present counsel. She immediately made an appointment with present counsel on June 22, 2011 and provided information required for representation. Movant signed the documents on June 23, 2011 and filed a claim the following day.

The court concludes that Movant acted responsively and diligently in seeking to assert a claim to contest the forfeiture. Movant's initial reaction was to seek counsel in order to pursue her claim. Her delay in submitting a claim is attributable to the failure of Movant's spouse to bring the personal notice letter to her attention. Under these circumstances, the court tolls the statutory period by four days.[2] Accordingly, the claim was timely filed.

---

[2] The court notes that the June 20, 2011 deadline for filing a claim means that the claim must be received by the DEA by that date. In other words, pursuant to the personal notice letter, the mail box rule does not apply. Under these circumstances, it is unknown whether a letter mailed on June 17th would have arrived in Quantico, VA by June 20th. Further, the Government highlighted that the

1    The court's determination that Movant timely filed her claim is not the final word in this
2 dispute, however.  The court has endeavored to apply time tested principles of equity to preserve
3 Movant's right to assert entitlement to the seized property in a case presenting unique circumstances.
4 In essence, this order prevents the Movant's forfeiture of her ability to contest forfeiture of property.
5 There would be, however, given Movant's request for the return of property, the potential for another
6 forfeiture, de facto in nature, were this court to grant Movant's request.  That forfeiture would be the
7 Government's option to return the property or file an action in federal court within 90 days pursuant
8 to 18 U.S.C. §983(a)(3)(A).  This option should be preserved for the Government for reasons of equity
9 comparable to those for which the court has ruled Movant's claim was timely filed.

10   First, Movant's husband signed for the Movant's personal notice letter thereby creating a
11 reasonable inference the document had ultimately been personally received by Movant.  Second, the
12 Government's position that constructive notice or service is all that is required is at least fairly
13 debatable, and buttressed by a decision of another district judge of this district.  See Lefler v. United
14 States, No. 11cv0220 LAB, 2011 WL 2132827 (S.D. Cal. 2011) (constructive notice satisfies
15 CAFRA's time deadlines).  Third, the Government could have reasonably drawn the inference that
16 Movant actually possessed the ability to have filed a timely claim notwithstanding her late discovery
17 of the notice.  Fourth, there is no identifiable unfair prejudice to any party should the Government
18 decide to pursue its remedies under 18 U.S.C. §983(a)(3)(A).

19   Under these circumstances, it was reasonable for the Government to conclude that Movant had
20 failed to timely file a claim and that a federal court action seeking forfeiture was unnecessary.  Not
21 until the filing of this order is the Government sufficiently on notice that it must file an action under
22 18 U.S.C. §983(a)(3)(A) to preserve its ability to seek forfeiture of the currency at issue.  To bar the
23 Government from filing under 18 U.S.C. §983(a)(3)(A) would result in the forfeiture of an important
24 option provided by law to the Government.  It is only equitable for the 90 day filing period of 18
25 U.S.C. §983(a)(3)(A) to commence from the date of entry of this order.

26

27 personal notice letter provided clear instructions for filing a claim but Movant failed to timely file a claim.  The court notes that one trained in the law would not likely be intimidated by the personal
28 notice letter.  A layperson, not versed in law, would not have the same reaction in light of the criminal proceeding against Movant's spouse, and all that is implicated by a spouse's arrest and incarceration.

1  In sum, the court grants Movant's motion for the return of property in part and orders that the
2  90 day filing period of 18 U.S.C. §983(a)(3)(A) commence from the date of entry of this order.
3  **IT IS SO ORDERED.**
4  DATED: July 17, 2012

_____
Hon. Jeffrey T. Miller
United States District Judge

6  cc:        All parties